JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rajnesh Singh, | No. CV09-1521-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Erich H. Holder, Jr., | |
| Respondent. | |

Petitioner Rajnesh Singh (A036-974-920 ), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus (Doc. #1)[1] pursuant to 28 U.S.C. § 2241. Petitioner has also filed a Motion for Appointment of Counsel (Doc. #3) and a Motion for of Stay Removal (Doc. #4). The Court will dismiss the Petition for lack of jurisdiction and deny the motions as moot.

On September 24, 2008, an Immigration Judge (IJ) entered an order for Petitioner's removal to Fiji. On January 21, 2009, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. On June 1, 2009, the United States Court of Appeals for the Ninth Circuit summarily dismissed his petition for review for lack of jurisdiction. Singh v Holder, No. 09-70386 (9th Cir. June 1, 2009) (unpublished order).

In his Petition for Writ of Habeas Corpus, Petitioner asserts that the IJ and the BIA should not have treated his California convictions as crimes of moral turpitude. Petitioner seeks reversal of "the decision of the Board of Immigration Appeals and remand of the matter to the U.S. Immigration Court for further proceedings." (Doc. #4 at 7.)

---

[1] Pages 2 through 7 of the Petition are attached to Petitioner's Motion for Stay of Removal (Doc. #4).

| 1 | Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005),
| 2 | the district courts do not have habeas corpus jurisdiction to review an order of removal. Iasu
| 3 | v. Smith 511 F.3d 881, 886 (9th Cir. 2007). The REAL ID Act amended 8 U.S.C.
| 4 | § 1252(a)(5) to provide that "a petition for review filed with an appropriate court of appeals
| 5 | in accordance this section shall be the sole and exclusive means for judicial review of an
| 6 | order of removal entered or issued under any provision of this [Act]." 8 U.S.C. § 1252(a)(5).
| 7 | Petitioner has already obtained the only judicial review to which he is entitled – a petition
| 8 | for review to the Ninth Circuit. Accordingly, the Court lacks jurisdiction to hear this
| 9 | challenge to Petitioner's removal order.
| 10 | Subsection 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case
| 11 | "challenging a final administrative order of removal . . . **is pending in a district court on**
| 12 | **the date of enactment**, then the district court shall transfer the case . . . to the [appropriate]
| 13 | court of appeals." REAL ID Act §106(c) (emphasis added). This action, however, cannot
| 14 | be transferred under § 106(c) of the REAL ID Act because it was not pending in this Court
| 15 | on the date of enactment. See Iasu 511 F.3d at 888-89. Accordingly, the Petition will be
| 16 | dismissed for lack of jurisdiction.
| 17 | **IT IS ORDERED** that the Petition (Doc. #1) is **dismissed**. The Clerk of Court must
| 18 | enter judgment accordingly.
| 19 | **IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel
| 20 | (Doc. #3) and Motion for of Stay Removal (Doc. #4) are **denied** as moot.
| 21 | DATED this 24th day of September, 2009.

_____
David G. Campbell
United States District Judge